# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| MANUFACTURING RESOURCES INTERNATIONAL, INC., | § § § | Case No.:  2:22-cv-00320 |
| Plaintiff, | § § | |
| v. | § § | Jury Trial Demanded |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SDS CO., LTD., SAMSUNG SDS AMERICA, INC. | § § | |
| Defendants. | | |

## COMPLAINT

Plaintiff Manufacturing Resources International, Inc. ("MRI" or "Plaintiff") files this Complaint against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung SDS Co., Ltd., and Samsung SDS America, Inc. ("Samsung" or "Defendants").  In this Complaint, MRI asserts U.S. Patent Nos. 8,854,595 (the "'595 Patent"); 9,173,322 (the "'322 Patent"); 9,629,287 (the "'287 Patent"); 10,506,740 (the "'740 Patent"); and 11,013,142 (the "'142 Patent") (collectively, the "Asserted Patents").  MRI alleges as follows:

### PARTIES

1.    Plaintiff MRI is a corporation organized under the laws of the state of Georgia with a principal place of business at 6415 Shiloh Road East, Alpharetta, Georgia 30005.

2.    On information and belief Defendant Samsung Electronics Co., Ltd. is a corporation organized and existing under the laws of the Republic of Korea with a principal place of business at 129 Samsung ro (Maetan-dong), Yeongtong-gu Suwon-si, Gyeonggi-do 16677 Korea.

- 1 -

3.      On information and belief Defendant Samsung Electronics America, Inc. is a wholly owned subsidiary corporation of Samsung Electronics Co. Ltd. organized and existing under the laws of New York with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung Electronics America, Inc. is registered to do business in Texas and has maintained regular and established places of business with offices and/or other facilities in this Judicial District of Texas at least at 6625 Excellence Way Plano, Texas 75023.

4.      On information and belief Defendant Samsung SDS Co., Ltd. is a corporation organized and existing under the laws of the Republic of Korea with a principal place of business at 125-35gil, Olympic-ro Songpa-gu Seoul, 138-240, Korea.

5.      On information and belief Defendant Samsung SDS America, Inc. is a wholly owned subsidiary corporation of Samsung SDS Co. Ltd. organized and existing under the laws of New York with a principal place of business at 100 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung SDS America, Inc. is registered to do business in Texas and has maintained regular and established places of business with offices and/or other facilities in this Judicial District of Texas at least at 3033 W. President George Bush Highway, Plano, Texas 75075.

## JURISDICTION AND VENUE

6.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Samsung at least in part because Samsung conducts business in this Judicial District. MRI's causes of action arise, at least in

part, from Samsung's contacts with and activities in the State of Texas and this Judicial

District. Upon information and belief, Samsung has committed acts of infringement within the

State of Texas and this Judicial District by, *inter alia*, directly and/or indirectly making, using,

selling, offering to sell, or importing products that infringe one or more claims of the Asserted

Patents. Samsung's infringing acts within this Judicial District give rise to this action and have

established minimum contacts with the forum state of Texas.

8.      Samsung conducts business in this District and maintains regular and established

places of business within this District. For example, Samsung has maintained regular and

established places of business with offices and/or other facilities in this Judicial District of

Texas at least at 6625 Excellence Way Plano, Texas 75023 and 3033 W. President George

Bush Highway, Plano, Texas 75075. *See e.g.*, Samsung, *Samsung Electronics America to Open*

*Flagship North Texas Campus* (2018), available at https://news.samsung.com/us/samsung-

electronics-america-openflagship-north-texas-campus/. On information and belief, Defendants

have placed or contributed to placing infringing products including, but not limited to,

Samsung's outdoor and semi-outdoor digital displays into the stream of commerce knowing or

understanding that such products would be sold and used in the United States, including in this

Judicial District. On information and belief, Samsung also has derived substantial revenues

from infringing acts in this Judicial District, including from the sale and use of infringing

products including, but not limited to, Samsung's outdoor and semi-outdoor digital displays.

9.      Defendants have established minimum contacts with this forum such that the

exercise of jurisdiction over Defendants would not offend traditional notions of fair play and

substantial justice.

10.     Alternatively, and/or in addition, this Court has jurisdiction over Samsung

Electronics Co., Ltd. and Samsung SDS Co., Ltd. under Federal Rule of Civil Procedure 4(k)(2). This action arises from actions of Samsung Electronics Co., Ltd. and Samsung SDS Co., Ltd. directed toward the United States, including (1) committing at least a portion of the infringing acts alleged herein and (2) regularly transacting business, soliciting business, and deriving revenue from the sale of goods and services, including infringing goods and services, to individuals in the United States. Therefore, Samsung Electronics Co., Ltd. and Samsung SDS Co., Ltd. have purposefully availed themselves of the benefits of the United States, including the Eastern District of Texas, and the exercise of jurisdiction over Samsung would not offend traditional notions of fair play and substantial justice.

11.     As to Samsung Electronics Co., Ltd. and Samsung SDS Co., Ltd., venue is proper in this District pursuant to 28 U.S.C. § 1391(c), as Samsung Electronics Co., Ltd. and Samsung SDS Co., Ltd. are not residents of the United States.

12.     As to Samsung Electronics America, Inc., venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and 1400(b) because it has (1) committed and continues to commit acts of patent infringement in this Judicial District by, inter alia, directly and/or indirectly using, selling, offering to sell, or importing products that infringe one or more claims of the Asserted Patents and (2) has done and continue to do business in this Judicial District by maintaining a regular and established place of business at least at 6625 Excellence Way Plano, Texas 75023. *In re Cray Inc.*, 871 F.3d 1355, 1362-63 (Fed. Cir. 2017).

13.     As to Samsung SDS America, Inc., venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and 1400(b) because it has (1) committed and continues to commit acts of patent infringement in this Judicial District by, inter alia, directly and/or indirectly using, selling, offering to sell, or importing products that infringe one or more claims of the Asserted

Patents and (2) has done and continue to do business in this Judicial District by maintaining a regular and established place of business at least at 3033 W. President George Bush Highway, Plano, Texas 75075. *In re Cray Inc.*, 871 F.3d at 1362-63.

## MRI AND THE ASSERTED PATENTS

14.     MRI is an American designer and manufacturer of custom Outdoor and Semi-Outdoor Digital LCD Displays, Digital Menu Boards, Mobile Displays and Self-Ordering Kiosks. MRI is a global leader in the digital outdoor signage business.

15.      MRI builds top-performing digital displays for the outdoor, direct-sunlight environment that not only look fantastic on day one, but continue to meet performance expectations for more than 10 years. MRI is an industry leader in the manufacture of outdoor and semi-outdoor digital displays, and has successfully sold its displays to customers in the U.S. and in many countries around the world. MRI has built its company around being a leader in developing and manufacturing digital display products that overcome challenges digital displays face in outdoor and semi-outdoor environments.

16.     MRI has invested significant resources into the research, development, and design of its new and innovative digital display products. MRI employs over 125 individuals at its U.S. headquarters, including large teams dedicated to engineering, manufacturing, and assembly of its outdoor display products.

17.     MRI has also invested significant resources in developing a robust intellectual property portfolio to protect its innovations. MRI relies on the U.S. patent system as an integral part of its intellectual property program to protect the valuable technology and inventions resulting from its research and development.

18.     To date, MRI boasts over 200 pending or issued U.S. and foreign patents.  For

example, some of MRI's patents, including the Asserted Patents, cover apparatuses, systems, and methods for controlling the temperatures within the displays, structures and housing for the displays and other equipment, as well as various sensors and systems, all of which are designed to maintain optimum performance of displays when placed in challenging environmental conditions.

19.    On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products") such as the OH46F 46" LED-Backlit LCD Display product, the OH55F 55" LED-Backlit LCD Display product, the OH75F 75" LED-Backlit LCD Display product, and the OH85F 85" LED-Backlit LCD Display product, that directly infringe, literally and/or under the doctrine of equivalents, the Asserted Patents. Products listed here in the complaint and in the Exhibits are illustrative, and discovery may reveal additional infringing products.

### COUNT I—INFRINGEMENT OF THE '595 PATENT

20.    MRI is the owner by assignment of all right, title, and interest in and to the '595 Patent entitled "Constricted Convection Cooling System for an Electronic Display," which duly and legally issued on October 7, 2014. A copy of the '595 Patent is attached to this Complaint as Exhibit A.

21.    On information and belief, Defendants make, use, offer for sale, sell, and/or import Accused Products, such as the OH46F 46" LED-Backlit LCD Display product, the OH55F 55" LED-Backlit LCD Display product, the OH75F 75" LED-Backlit LCD Display product, and the OH85F 85" LED-Backlit LCD Display product, that directly infringe, literally and/or under the doctrine of equivalents, at least claims 1, 4, 7, and 8 of the '595 Patent.

22.    Defendants also knowingly and intentionally induce infringement of at least

claims 1, 4, 7, and 8 of the '595 Patent in violation of 35 U.S.C. § 271(b). On May 17, 2016, MRI sent a letter to Defendants specifically identifying the '595 Patent. In addition, through the filing and service of this Complaint, and also through the filing and service of a complaint with the United States International Trade Commission (ITC) pursuant to Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, Defendants have had knowledge of the '595 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '595 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '595 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '595 Patent, thereby specifically intending for and inducing their customers to infringe the '595 Patent through the customers' normal and customary use of the Accused Products.

23.    Exhibit B includes a chart comparing claim 1 of the '595 Patent to Samsung's OH55F 55" LED-Backlit LCD Display product. This exhibit shows that the OH46F 46" LED-Backlit LCD Display is covered by at least claim 1 of the '595 Patent.  Exhibit B is also representative of the OH55F 55" LED-Backlit LCD Display product which is nearly identical, for purposes of infringement, to the OH46F 46" LED-Backlit LCD Display product.

24.    Exhibit C includes a chart comparing claims 4, 7 and 8 of the '595 Patent to Samsung's OH85F 85" LED-Backlit LCD Display product. This exhibit shows that the OH85F 85" LED-Backlit LCD Display is covered by at least claims 4, 7 and 8 of the '595 Patent. Exhibit C is also representative of the OH75F 75" LED-Backlit LCD Display product which is

nearly identical, for purposes of infringement, to the OH85F 85" LED-Backlit LCD Display product.

25.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendants have injured MRI and are liable for infringement of the '595 Patent pursuant to 35 U.S.C. § 271.

26.     As a result of Defendants' infringement of the '595 Patent, MRI is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interests and costs as fixed by the Court.

27.     Defendants' infringing activities have injured and will continue to injure MRI, unless and until this Court enters an injunction prohibiting further infringement of the '595 Patent, and, specifically enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II—INFRINGEMENT OF THE '322 PATENT

28.     MRI is the owner by assignment of all right, title, and interest in and to the '322 Patent entitled "Constricted Convection Cooling System for an Electronic Display," which duly and legally issued on October 27, 2015. A copy of the '322 Patent is attached to this Complaint as Exhibit D.

29.     On information and belief, Defendants make, use, offer for sale, sell, and/or import Accused Products, such as the OH46F 46" LED-Backlit LCD Display product, the OH55F 55" LED-Backlit LCD Display product, the OH75F 75" LED-Backlit LCD Display product, and the OH85F 85" LED-Backlit LCD Display product, that directly infringe, literally and/or under the doctrine of equivalents, at least claims 4, 5, 8, 9, 12, 13, and 16 of the '322

Patent.

30.    Defendants also knowingly and intentionally induce infringement of at least claims 4, 5, 8, 9, 12, 13, and 16 of the '322 Patent in violation of 35 U.S.C. § 271(b). On May 17, 2016, MRI sent a letter to Defendants specifically identifying the '322 Patent. In addition, through the filing and service of this Complaint, and also through the filing and service of a complaint with the United States International Trade Commission (ITC) pursuant to Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, Defendants have had knowledge of the '322 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '322 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '322 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '322 Patent, thereby specifically intending for and inducing their customers to infringe the '322 Patent through the customers' normal and customary use of the Accused Products.

31.    Exhibit E includes a chart comparing claims 9, 12, 13, and 16 of the '322 Patent to Samsung's OH46F 46" LED-Backlit LCD Display product. This exhibit shows that the OH46F 46" LED-Backlit LCD Display is covered by at least claims 9, 12, 13, and 16 of the '322 Patent.  Exhibit E is also representative of the OH55F 55" LED-Backlit LCD Display product which is nearly identical, for purposes of infringement, to the OH46F 46" LED-Backlit LCD Display product.

32.    Exhibit F includes a chart comparing claims 4, 5 and 8 of the '322 Patent to

Samsung's OH85F 85" LED-Backlit LCD Display product. This exhibit shows that the OH85F 85" LED-Backlit LCD Display is covered by at least claims 4, 5, and 8 of the '322 Patent. Exhibit F is also representative of the OH75F 75" LED-Backlit LCD Display product which is nearly identical, for purposes of infringement, to the OH85F 85" LED-Backlit LCD Display product.

33.    By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendants have injured MRI and are liable for infringement of the '322 Patent pursuant to 35 U.S.C. § 271.

34.    As a result of Defendants' infringement of the '322 Patent, MRI is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interests and costs as fixed by the Court.

35.    Defendants' infringing activities have injured and will continue to injure MRI, unless and until this Court enters an injunction prohibiting further infringement of the '322 Patent, and, specifically enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT III—INFRINGEMENT OF THE '740 PATENT

36.    MRI is the owner by assignment of all right, title, and interest in and to the '740 Patent entitled "Electronic Display with Cooling," which duly and legally issued on December 10, 2019. A copy of the '740 Patent is attached to this Complaint as Exhibit G.

37.    On information and belief, Defendants make, use, offer for sale, sell, and/or import Accused Products, such as the OH75F 75" LED-Backlit LCD Display product and the OH85F 85" LED-Backlit LCD Display product, that directly infringe, literally and/or under the

doctrine of equivalents, at least claims 1, 5, and 6 of the '740 Patent.

38.    Defendants also knowingly and intentionally induce infringement of at least claims 1, 5, and 6 of the '740 Patent in violation of 35 U.S.C. § 271(b). On May 11, 2021, MRI sent a letter to Defendants specifically identifying the '740 Patent. In addition, through the filing and service of this Complaint, and also through the filing and service of a complaint with the United States International Trade Commission (ITC) pursuant to Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, Defendants have had knowledge of the '740 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '740 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '740 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '740 Patent, thereby specifically intending for and inducing their customers to infringe the '740 Patent through the customers' normal and customary use of the Accused Products.

39.    Exhibit H includes a chart comparing claims 1, 5 and 6 of the '740 Patent to Samsung's OH85F 85" LED-Backlit LCD Display product. This exhibit shows that the OH85F 85" LED-Backlit LCD Display is covered by at least claims 1, 5 and 6 of the '740 Patent. Exhibit H is also representative of the OH75F 75" LED-Backlit LCD Display product which is nearly identical, for purposes of infringement, to the OH85F 85" LED-Backlit LCD Display product.

40.    By making, using, offering for sale, selling, and/or importing into the United

States the Accused Products, Defendants have injured MRI and are liable for infringement of the '740 Patent pursuant to 35 U.S.C. § 271.

41.     As a result of Defendants' infringement of the '740 Patent, MRI is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interests and costs as fixed by the Court.

42.     Defendants' infringing activities have injured and will continue to injure MRI, unless and until this Court enters an injunction prohibiting further infringement of the '740 Patent, and, specifically enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT IV—INFRINGEMENT OF THE '287 PATENT

43.     MRI is the owner by assignment of all right, title, and interest in and to the '287 Patent entitled "System for Using Constricted Convection with Closed Loop Cooling System as the Convection Plate," which duly and legally issued on April 18, 2017. A copy of the '287 Patent is attached to this Complaint as Exhibit I.

44.     On information and belief, Defendants make, use, offer for sale, sell, and/or import Accused Products, such as the OH46F 46" LED-Backlit LCD Display product and the OH55F 55" LED-Backlit LCD Display product, that directly infringe, literally and/or under the doctrine of equivalents, at least claims 1, 3-4, 8-12, 15, and 21-23 of the '287 Patent.

45.     Defendants also knowingly and intentionally induce infringement of at least claims 1, 4, 8-12, 15, and 21-23 of the '287 Patent in violation of 35 U.S.C. § 271(b). On October 16, 2018, MRI sent a letter to Defendants specifically identifying the '287 Patent. In addition, through the filing and service of this Complaint, and also through the filing and

service of a complaint with the United States International Trade Commission (ITC) pursuant to Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, Defendants have had knowledge of the '287 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '287 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '287 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '287 Patent, thereby specifically intending for and inducing their customers to infringe the '287 Patent through the customers' normal and customary use of the Accused Products.

46.     Exhibit J includes a chart comparing claims 1, 4, 8-12, 15, and 21-23 of the '287 Patent to Samsung's OH46F 46" LED-Backlit LCD Display product. This exhibit shows that the OH46F 46" LED-Backlit LCD Display is covered by at least claims 1, 4, 8-12, 15, and 21-23 of the '287 Patent. Exhibit J is also representative of the OH55F 55" LED-Backlit LCD Display product which is nearly identical, for purposes of infringement, to the OH46F 46" LED-Backlit LCD Display product.

47.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendants have injured MRI and are liable for infringement of the '287 Patent pursuant to 35 U.S.C. § 271.

48.     As a result of Defendants' infringement of the '287 Patent, MRI is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants,

together with interests and costs as fixed by the Court.

49.     Defendants' infringing activities have injured and will continue to injure MRI,

unless and until this Court enters an injunction prohibiting further infringement of the '287

Patent, and, specifically enjoining further manufacture, use, sale, importation, and/or offers for

sale that come within the scope of the patent claims.

## COUNT V—INFRINGEMENT OF THE '142 PATENT

50.     MRI is the owner by assignment of all right, title, and interest in and to the '142

Patent entitled "Electronic Display with Cooling," which duly and legally issued on May 18,

2021. A copy of the '142 Patent is attached to this Complaint as Exhibit K.

51.     On information and belief, Defendants make, use, offer for sale, sell, and/or

import Accused Products, such as the OH75F 75" LED-Backlit LCD Display product and the

OH85F 85" LED-Backlit LCD Display product, that directly infringe, literally and/or under the

doctrine of equivalents, claims 1-15 of the '142 Patent.

52.     Defendants also knowingly and intentionally induce infringement of claims 1-15

of the '142 Patent in violation of 35 U.S.C. § 271(b). On June 11, 2021, MRI sent a letter to

Defendants specifically identifying the '142 Patent. In addition, through the filing and service

of this Complaint, and also through the filing and service of a complaint with the United States

International Trade Commission (ITC) pursuant to Section 337 of the Tariff Act of 1930, 19

U.S.C. § 1337, Defendants have had knowledge of the '142 Patent and the infringing nature of

the Accused Products. Despite this knowledge of the '142 Patent, Defendants continue to

actively encourage and instruct their customers and end users (for example, through user

manuals and online instruction materials on their website) to use the Accused Products in ways

that directly infringe the '142 Patent. Defendants do so knowing and intending that their

customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '142 Patent, thereby specifically intending for and inducing their customers to infringe the '142 Patent through the customers' normal and customary use of the Accused Products.

53.    Exhibit L includes a chart comparing claims 1-15 of the '142 Patent to Samsung's OH85F 85" LED-Backlit LCD Display product. This exhibit shows that the OH85F 85" LED-Backlit LCD Display is covered by claims 1-15 of the '142 Patent. Exhibit L is also representative of the OH75F 75" LED-Backlit LCD Display product which is nearly identical, for purposes of infringement, to the OH85F 85" LED-Backlit LCD Display product.

54.    By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendants have injured MRI and are liable for infringement of the '142 Patent pursuant to 35 U.S.C. § 271.

55.    As a result of Defendants' infringement of the '142 Patent, MRI is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interests and costs as fixed by the Court.

56.    Defendants' infringing activities have injured and will continue to injure MRI, unless and until this Court enters an injunction prohibiting further infringement of the '142 Patent, and, specifically enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## **PRAYER FOR RELIEF**

WHEREFORE, MRI prays for relief in its favor, as follows:

A.    Enter a judgment that Defendants have infringed, either literally and/or under the

doctrine of equivalents, each of the Asserted Patents.

       B.     Grant a permanent injunction restraining and enjoining Defendants and their officers, directors, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys, and all others in active concert or participation with any of the foregoing, from directly or indirectly infringing the Asserted Patents;

       C.     Enter a declaration that this case is exceptional and correspondingly award MRI attorney fees and costs under 35 U.S.C. § 285;

       D.     Award damages, enhanced damages, costs, and prejudgment interest to MRI under 35 U.S.C. § 284; and

       E.     Grant such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

       MRI hereby demands a jury trial on all issues appropriately triable by a jury.

Dated: <u>August 19, 2022</u>            Respectfully submitted,

                                  <u>*/s/ Steve R. Borgman*</u>
                                    Steve R. Borgman
                                    Texas State Bar No. 02670300
                                    Kilpatrick Townsend & Stockton LLP
                                    700 Louisiana, Suite 4300
                                    Houston, Texas 77002
                                    Telephone: (281) 809-4081
                                    Facsimile: (281) 990-6826
                                    Email: sborgman@kilpatricktownsend.com

                                    Alton L. Absher III (NC Bar No. 36579)
                                    Craig D. Cannon  (*pro hac vice* pending)
                                    Andrea A. Anderson  (*pro hac vice* pending)
                                    Kilpatrick Townsend & Stockton LLP
                                    1001 West Fourth Street
                                    Winston-Salem, NC 27101
                                    Telephone: (336) 607-7300
                                    Facsimile: (336) 607-7500

Email: aabsher@kilpatricktownsend.com
Email: ccannon@kilpatricktownsend.com
Email: andie.anderson@kilpatricktownsend.com

Russell A. Korn (GA Bar No. 428492)
David A. Reed (GA Bar No. 185146)
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, NE, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: rkorn@kilpatricktownsend.com
Email: dreed@kilpatricktownsend.com

Dario A. Machleidt  (WA Bar No. 41860)
Kathleen R. Geyer (*pro hac vice* pending)
Kilpatrick Townsend & Stockton LLP
1420 Fifth Ave., Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
Facsimile: (206) 623-6793
Email: dmachleidt@kilpatricktownsend.com
Email: kgeyer@kilpatricktownsend.com

*Counsel for Plaintiff Manufacturing Resources
International, Inc.*